UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOL HUNGARIAN OIL AND GAS PLC,

*Petitioner*,

v.

REPUBLIC OF CROATIA,

*Respondent*.

Civil Action No. 23-00218 (AHA)

**Memorandum Opinion**

MOL Hungarian Oil and Gas PLC ("MOL") prevailed in arbitration against the Republic of Croatia and petitions this court to enforce the arbitration award. MOL moves for summary judgment, arguing that it obtained an arbitration award against Croatia, that Croatia agreed to be bound by such awards, and that U.S. law requires enforcement of the award. Croatia cross-moves for summary judgment, repeating many of the same arguments that this court rejected at the motion to dismiss phase, *see MOL Hungarian Oil & Gas PLC v. Republic of Croatia*, No. 23-cv-218, 2025 WL 1134945 (D.D.C. Apr. 16, 2025), and that other judges in this district have since found unpersuasive as well, *see Blasket Renewable Invs. v. Kingdom of Spain*, No. 19-cv-3783, 2025 WL 2320368 (D.D.C. Aug. 12, 2025); *Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-cv-1753, 2025 WL 2320406 (D.D.C. Aug. 12, 2025); *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 20-cv-817, 2025 WL 2336428 (D.D.C. Aug. 13, 2025); *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708, 2025 WL 2374517 (D.D.C. Aug. 14, 2025); *Blasket Renewable Invs. LLC v. Kingdom of Spain*, No. 20-cv-1081, 2025 WL 3516146 (D.D.C. Sept. 11, 2025); *ACF Renewable Energy Ltd. v. Republic of Bulgaria*, 804 F.

Supp. 3d 141 (D.D.C. 2025); *9Ren Holdings S.À.R.L. v. Kingdom of Spain*, No. 19-cv-1871, 2025 WL 2779795 (D.D.C. Sept. 29, 2025); *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, No. 19-cv-1618, 2025 WL 2779908 (D.D.C. Sept. 30, 2025). The court grants MOL's motion and denies Croatia's motion.

**I.  Background**

Croatia and Hungary each signed on to the Energy Charter Treaty ("ECT"), an investment treaty designed "to promote international cooperation in the energy sector." *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1094 (D.C. Cir. 2024); *see* ECT art. 2, Dec. 17, 1994, 2080 U.N.T.S. 95. Under the treaty, contracting states agree to afford "fair and equitable treatment" to investments made by investors from the other contracting states, and to not "impair by unreasonable or discriminatory measures their management, maintenance, use, enjoyment or disposal." ECT art. 10(1). Each state also "gives its unconditional consent to the submission of a dispute to international arbitration" in certain tribunals, including the International Centre for Settlement of Investment Disputes ("ICSID"). *Id.* art. 26(3)(a), (4)(a)(i). Croatia, Hungary, and the United States have all signed on to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States ("ICSID Convention"), which established ICSID. ECF No. 47-2 ¶ 3.

MOL, a Hungarian oil and gas company with investments in Croatia, brought an arbitration against Croatia in ICSID, alleging Croatia "breached its obligations under the ECT." *Id.* ¶ 10. Croatia contested ICSID's jurisdiction, but the tribunal rejected its arguments, and the parties arbitrated MOL's claims to completion. *Id.* ¶¶ 12–16. The tribunal ultimately found Croatia breached its ECT obligations and awarded MOL $183.94 million in damages, plus costs, fees, and interest. *Id.* ¶ 14.

MOL then filed the present petition to enforce the award. The court reserved consideration of the merits pending resolution of Croatia's jurisdictional arguments. First, when Croatia moved to dismiss the petition based in part on sovereign immunity, the court granted the parties' joint request to stay proceedings pending the D.C. Circuit's resolution of *NextEra*, 112 F.4th 1088, which appeared likely to resolve whether a European Union ("EU") signatory to the ECT is entitled to sovereign immunity against enforcement of an arbitration award in an intra-EU dispute. *See id*. at 1093. Then, after the circuit issued a decision holding that the ECT operates as an agreement to arbitrate that withdraws sovereign immunity, *id.* at 1105, Croatia nonetheless renewed its motion to dismiss "both to preserve its arguments in the event the D.C. Circuit, *en banc*, or the Supreme Court, reverses or otherwise modifies *NextEra* and to distinguish certain aspects of the *NextEra* holding." ECF No. 31-1 at 1.[1] In an abundance of caution, the court stayed summary judgment briefing to consider Croatia's renewed motion to dismiss. *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020) (recognizing sovereign immunity should generally be resolved as early as possible).

The court then denied Croatia's motion to dismiss, concluding that the Foreign Sovereign Immunities Act ("FSIA") withdraws sovereign immunity given Croatia's agreement to be bound by arbitration awards like the one MOL obtained. *See MOL*, 2025 WL 1134945, at *2–3. The court also rejected Croatia's arguments that MOL failed to state a claim because the ICSID award is not entitled to full faith and credit or is precluded by the act of state and foreign sovereign compulsion doctrines. *See id.* at *4–6.

The parties now cross-move for summary judgment.

---

[1] The D.C. Circuit has since denied rehearing *en banc*. *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, No. 23-7031, 2024 WL 4940503, at *1 (D.C. Cir. Dec. 2, 2024).

## II.   Discussion

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, there are no material factual disputes, and the case therefore turns on which party is right on the law. *See* ECF No. 47-1 at 11 (recognizing there are "no factual disputes" in the case); ECF Nos. 47-2, 50-1.

The ICSID Convention, to which the United States is a party, provides that the courts of member states act as "courts of enforcement, not review" of ICSID awards. *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510, 518 (D.C. Cir. 2023) (citing ICSID Convention art. 54(1)). By signing the Convention, member states agree to recognize an award "as binding," to "enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State," and to "treat the award as if it were a final judgment of the courts of a constituent state." ICSID Convention art. 54(1). Congress's implementing legislation accordingly instructs that an ICSID award "shall create a right arising under a treaty of the United States" and the "pecuniary obligations imposed by" an ICSID award "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a). Accordingly, when it comes to enforcement of an ICSID award under section 1650a, the court's role is narrow. For the court to enforce the award, the petitioner need only show (1) the court has jurisdiction over the petition; (2) the award is authentic; and (3) ICSID would treat the award as binding. *Valores*, 87 F.4th at 520–21; *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 102 (2d Cir. 2017); *see Blasket*, 2025 WL 2336428, at *6.

MOL has shown everything needed for this court to enforce its arbitration award. As the court concluded in its previous opinion, MOL has shown the requisite facts under the FSIA to

establish this court's jurisdiction: "(1) an arbitration agreement, (2) an arbitration award, and (3) a treaty potentially governing award enforcement." *MOL*, 2025 WL 1134945, at *2. Although Croatia preserves its argument that it is entitled to sovereign immunity under the FSIA (and that the court accordingly does not have jurisdiction), it presents no new argument to overcome the court's previous conclusion to the contrary. *See* ECF No. 47-1 at 23–24. As to the remaining two elements required to enforce an ICSID award under section 1650a, Croatia does not dispute the authenticity of the award, *see* ECF No. 47-2 ¶ 19, or that ICSID would treat the award as binding. MOL's award accordingly "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a).

Although it no longer frames the argument as a jurisdictional hurdle, Croatia reargues that this court cannot enforce the arbitration award because its agreement to be bound by arbitration was invalid under EU law, the ICSID tribunal accordingly lacked jurisdiction, and the award is therefore not entitled to full faith and credit under 22 U.S.C. § 1650a(a). Croatia also reargues that enforcement of the award is barred by the foreign sovereign compulsion doctrine. The court considers each argument in turn.

### A. The ICSID Award Is Entitled To Full Faith And Credit

Croatia argues, as it did at the motion to dismiss phase, that although it agreed to be bound by arbitrations like the one here by signing the ECT, its agreement was invalid under EU law. ECF No. 47-1 at 12–15. Thus, Croatia says, the ICSID tribunal lacked jurisdiction to enter the arbitration award and the court should not enforce it. *Id*. at 15. Croatia tries to tether this argument to the text of § 1650a in two ways, neither of which is persuasive.

Croatia says that because its agreement to be bound by arbitration in the ECT is invalid under EU law, the ICSID tribunal lacked jurisdiction, could not create "pecuniary obligations,"

and its award is accordingly not entitled to the "full faith and credit" provided for by the ICSID Convention's implementing legislation. 22 U.S.C. § 1650a(a). The court considered and rejected this argument at the motion to dismiss stage. *MOL*, 2025 WL 1134945, at *4. As the court recognized, courts "may inquire into the jurisdictional basis of [a] foreign court's decree" and "need not" give full faith and credit if "that court did not have jurisdiction." *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 705 (1982). But "a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 706 (quoting *Durfee v. Duke*, 375 U.S. 106, 111 (1963)). Croatia's jurisdictional arguments—including its argument that the parties could not have entered a legally valid agreement to arbitrate under EU law—were fully and fairly litigated by the tribunal, which rejected Croatia's arguments and concluded it had jurisdiction. *See* ECF No. 1-2 ¶¶ 454–89. The $183.94 million (plus costs, fees, and interest) ICSID award against Croatia quite plainly imposes "pecuniary obligations," and that award is entitled to "full faith and credit." 22 U.S.C. § 1650a(a). Several other judges of this court have since reached the same conclusion. *See Blasket*, 2025 WL 2320368, at *4; *Infrastructure Servs. Luxembourg S.A.R.L.*, 2025 WL 2320406, at *4–5; *Blasket,* 2025 WL 2336428, at *4–8; *Cube Infrastructure Fund SICAV*, 2025 WL 2374517, at *3; *Blasket*, 2025 WL 3516146, at *6–8; *ACF Renewable Energy*, 804 F. Supp. 3d at 151–52; *9Ren Holdings S.À.R.L.*, 2025 WL 2779795, at *2–3; *NextEra Energy Glob. Holdings B.V.*, 2025 WL 2779908, at *3.[2]

---

[2] Croatia argues this court "cannot defer to the Tribunal's assessment of its own jurisdiction because Croatia disputes whether the parties ever formed a legally valid arbitration agreement in the first instance" and "under the Federal Arbitration Act, an arbitrator lacks authority to consider the arbitrability of a dispute if there is no valid arbitration agreement, even if the agreement

Croatia also suggests a different argument in passing: even though the ICSID award is pecuniary, the tribunal's jurisdictional determination is "*non-pecuniary*" and therefore not entitled to full faith and credit. ECF No. 47-1 at 18. But as another court recently noted, "this argument makes no sense." *Blasket*, 2025 WL 2336428, at *7. It would mean little to give a pecuniary award full faith and credit if the court could decline enforcement based on a disagreement with a predicate determination by the tribunal. Much to the contrary, courts must "recognize an award rendered pursuant to the Convention as binding and enforce the pecuniary obligations imposed by that award" and are "not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award." *Valores*, 87 F.4th at 515 (cleaned up).

### B. The Foreign Sovereign Compulsion Doctrine Does Not Bar Enforcement Of The Award

Croatia also argues that the foreign sovereign compulsion doctrine bars enforcement of the award. That doctrine, rooted in international comity, has been applied in certain contexts "where a Court compels compliance with U.S. law in a manner that may put a litigant at odds with its obligations under foreign law." *Blasket Renewable Invs., LLC v. Kingdom of Spain*, No. 23-cv-2701, 2024 WL 4298808, at *13 (D.D.C. Sept. 26, 2024) (citing examples). This court rejected this argument at the motion to dismiss stage, explaining that international comity does not counsel against enforcement of an ICSID award. *MOL*, 2025 WL 1134945, at *6. As the court stated then, it is "the central precept of comity" that "the decisions of foreign tribunals should be given effect

---

purported to delegate arbitrability questions to the arbitrator." ECF No. 47-1 at 17 (citing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019)). Even accepting Croatia's understanding of the Federal Arbitration Act, Congress has specifically directed that it "shall not apply to enforcement of" ICSID awards. 22 U.S.C. § 1650a(a). In other words, the "statute expressly forecloses collateral attack on ICSID awards in federal courts by excluding ICSID enforcement actions from the purview of the Federal Arbitration Act." *Valores*, 87 F.4th at 520.

in domestic courts, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 937 (D.C. Cir. 1984). As this court explained, "[i]t would be contrary to that precept to set aside an ICSID award that resulted from several years of arbitration before a tribunal convened under a multilateral agreement between nations." *MOL*, 2025 WL 1134945, at *6. The ICSID Convention and Congress's implementing legislation already account for international comity, requiring courts to enforce ICSID awards. *Id.*; *see also Blasket*, 2024 WL 4298808, at *13 (observing that "comity concerns are essentially 'baked in' to the ICSID Convention and its implementing statute"). Ultimately, this court is bound by Congress's command that it "shall" enforce ICSID awards. 22 U.S.C. § 1650a(a).

Croatia argues that "changed circumstances" warrant application of the foreign sovereign compulsion doctrine. ECF No. 47-1 at 20. According to Croatia, a recent decision of the European Commission "confirmed that Awards issued pursuant to the ECT constitute unlawful state aid" and therefore "Croatia is likely to face sanctions if it pays the Award in violation of EU law." *Id.* at 21, 23. But this does not change the analysis. In its motion to dismiss, Croatia similarly argued that enforcement of the arbitration award could put it in violation of EU law, and this court found that was not a sound basis for declining to enforce the arbitration award. Indeed, "Croatia's proposed solution—declining to enforce the ICSID award—would just create its own conflict, placing the United States in violation of its obligations to recognize the award under the ICSID Convention." *MOL*, 2025 WL 1134945, at *6 n.8; *see also Blasket*, 2024 WL 4298808, at *13 (citing ICSID Convention art. 54(1)). Croatia simply reiterates its argument without addressing its shortcomings. Consistent with this court's earlier conclusion, several other judges in this district have since rejected application of the foreign sovereign compulsion doctrine in these

8

circumstances. *See Blasket*, 2025 WL 2320368, at *5; *Infrastructure Servs. Luxembourg S.A.R.L.*, 2025 WL 2320406, at *5–6; *Blasket*, 2025 WL 2336428, at *8–10; *Cube Infrastructure Fund SICAV*, 2025 WL 2374517, at *3; *Blasket*, 2025 WL 3516146, at *9; *ACF Renewable Energy*, 804 F. Supp. 3d at 151–52; *9Ren Holdings S.À.R.L.*, 2025 WL 2779795, at *3; *NextEra Energy Glob. Holdings B.V.*, 2025 WL 2779908, at *4.[3]

### III. Conclusion

For these reasons, MOL's renewed motion for summary judgment, ECF No. 43, is granted. Croatia's cross-motion for summary judgment, ECF No. 48, is denied. The parties shall file a joint proposed final judgment by March 19, 2026.

A separate order accompanies this memorandum opinion.

                                                                     AMIR H. ALI
                                                                  United States District Judge

Date: March 5, 2026

---

[3] Croatia "continues to preserve its arguments that it has immunity under the FSIA, that the Court lacks personal jurisdiction over it, and that venue is improper in this Court under *forum non conveniens*" but recognizes that binding caselaw forecloses them. ECF No. 47-1 at 23–24. The court accordingly does not address those issues here.